# United States Court of Appeals for the Fifth Circuit

---

No. 23-10022
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
May 30, 2023

Lyle W. Cayce
Clerk

Eric Lamar Ellis,

*Plaintiff—Appellant*,

*versus*

Rubi Garza-Lopez; Brian Marshall Barrier,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:22-CV-675

---

Before Smith, Southwick, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Plaintiff Eric Lamar Ellis, *pro se*, brought a 42 U.S.C. § 1983 action against two Irving police officers, Defendants Rubi Garza-Lopez and Brian Marshall Barrier, in their individual capacities, based on his detention and subsequent search. The Defendants moved for summary judgment based on qualified immunity. The district court dismissed the claims against them.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

Because Ellis cannot establish a constitutional violation of his Fourth Amendment rights, we AFFIRM.

On August 4, 2021, the Defendants as well as Officer Josh Weinschreider saw Ellis's vehicle parked at a city park at 4:52 a.m. Pursuant to a city ordinance, the park was closed at that time, and the park hours were clearly posted.

The Defendant and Officer Weinschreider approached Ellis's car, where they observed him either asleep or unconscious. The three officers shone their flashlights and claimed they could smell marijuana coming from Ellis's vehicle's open windows without needing to put any part of their bodies into his vehicle. After Ellis awoke, Officer Garza-Lopez asked him to exit the vehicle and patted him down. The Defendants then searched his car for approximately five minutes before they found marijuana in a grocery bag in Ellis's glove box. During the search, Ellis admitted to Officer Weinschreider that he had marijuana in his car and that it would not be hard to find. After they discovered the marijuana, the Defendants gave Ellis the choice to destroy the drugs or receive a citation for possession of marijuana. Ellis chose to destroy the drugs, and the Defendants released him.

Ellis sued the Defendants, alleging violations of his Fourth and Eighth Amendment rights. The Defendants asserted their entitlement to qualified immunity in their answer. The Magistrate Judge ordered that the qualified immunity issue be resolved through expedited motions for summary judgment. The Defendants filed motions for summary judgment, and the Magistrate Judge recommended that the district court dismiss Ellis's claims against the Defendant in their entirety. The district court accepted the Magistrate Judge's recommendation and dismissed the suit with prejudice against the Defendants. Ellis timely appealed.

We review the grant of summary judgment *de novo*. *Nickell v. Beau View of Biloxi*, *LLC*, 636 F.3d 752, 754 (5th Cir. 2011). Summary judgment is properly granted only when, viewing the evidence in the light most favorable to the nonmoving party, "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

"The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Thompson v. Mercer*, 762 F.3d 433, 436 (5th Cir. 2014) (quotation marks and citations omitted). "Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments and protects all but the plainly incompetent or those who knowingly violate the law." *Id.* at 437 (quotation marks and citations omitted). "A good-faith assertion of qualified immunity alters the usual summary judgment burden of proof, shifting it to the plaintiff to show that the defense is not available." *Cass v. City of Abilene*, 814 F.3d 721, 728 (5th Cir. 2016) (quotation marks and citations omitted). The "qualified-immunity inquiry is two-pronged." *Cunningham v. Castloo*, 983 F.3d 185, 190 (5th Cir. 2020). We ask (1) "whether the facts, viewed in the light most favorable to the party asserting the injury, show that the official's conduct violated a constitutional right," and (2) "whether the right was 'clearly established.'" *Id.* at 190–91. "We can analyze the prongs in either order or resolve the case on a single prong." *Id.* at 191 (quotation marks and citation omitted).

Ellis alleges that he was subjected to cruel and unusual punishment in violation of his Eighth Amendment rights because he was directed to destroy his marijuana or receive a citation. "The Eighth Amendment ensures the safety of convicted prisoners." *Baughman v. Hickman*, 935 F.3d 302, 306 (5th

Cir. 2019). Therefore, Ellis's complaint about being ordered to destroy the marijuana found in his vehicle does not present an Eighth Amendment issue.

Ellis also alleges under Section 1983 that the Defendants violated his Fourth Amendment rights when they seized him and searched his vehicle without a warrant. This search, though, was not a violation of Ellis's constitutional rights. Reasonable suspicion allowed Ellis to be detained, and they had probable cause to suspect him of a crime and therefore search his vehicle. *See Carroll v. Ellington*, 800 F.3d 154, 170–71 (5th Cir. 2015); *United States v. Fields*, 456 F.3d 519, 523 (5th Cir. 2006). The Defendants and Officer Weinschreider each could smell marijuana emanating from the open car windows. There is established law that smelling marijuana provides sufficient probable cause to conduct a warrantless search. *Bazan v. Whitfield*, 754 F. App'x 280, 281 (5th Cir. 2019), *cert. denied*, 140 S. Ct. 125 (2019) (citing *United States v. Reed*, 882 F.2d 147, 149 (5th Cir. 1989).

We can "resolve the case on a single prong" of the qualified immunity analysis. *See Cunningham*, 983 F.3d at 191. Ellis has not shown that the Defendants violated his Fourth or Eighth Amendment rights. Therefore, the Defendants are entitled to qualified immunity.

AFFIRMED.